UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| PHILIG C. WEISS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 5:05-527-JMH |
| ASTELLAS PHARMA US, INC., et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on motions to dismiss certain counts of Plaintiffs' amended complaint filed by Defendants Astellas Pharma US, Inc. and Novartis Pharmaceutical Corp. [Record Nos. 47 & 49].[1]  This matter is now ripe for review.

**BACKGROUND**

Plaintiffs Philip and Cassandra Weiss filed this action alleging that the prescription drugs Protopic and Elidel, which are manufactured and sold by, respectively, Astellas and Novartis, caused harm to Philip Weiss.  Plaintiffs seek relief under the theories of negligence (Counts I & XIII), negligent failure to warn (Counts III & XV), intentional misrepresentation (Counts V & XVII), strict liability (Counts VII & XIX), strict liability failure to warn (Counts VIII & XX), breach of express warranty (Counts IX &

---

[1] Also still pending are earlier motions to dismiss addressing the same counts of Plaintiffs' original complaint [Record Nos. 4 & 11].  Defendants filed the instant motions in response to Plaintiffs' amended complaint, and because the original motions have been superceded, those motions will be denied as moot.

XXI), and violations of the Kentucky Consumer Protection Act (Counts XI & XXIII).[2]

Defendants' motions seek to dismiss only the breach of warranty, Kentucky Consumer Protection Act, and intentional misrepresentation claims. Plaintiffs have conceded in their response that the warranty and Kentucky Consumer Protection Act claims should be dismissed for lack of privity, leaving only the dismissal of the intentional misrepresentation claims to be ruled on.

**ANALYSIS**

*I.   The Standard for Pleading Fraud*[3]

Federal Rule of Civil Procedure ("Rule") 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[4] Defendants argue that Plaintiffs have failed to meet this standard, and that therefore the intentional misrepresentation claims should be dismissed. Plaintiffs respond by claiming that they have stated

---

[2] Other counts that were directed at Defendants' drug representatives have already been dismissed.

[3] Under Kentucky law, the tort of intentional misrepresentation is equivalent to fraud. *See Morton v. Bank of the Bluegrass & Trust Co.*, 18 S.W.3d 353, 358 (Ky. App. 1999).

[4] This action was initially brought in Woodford Circuit Court, and the standard for pleading fraud with particularity under Kentucky law is identical to the standard under the Federal Rules of Civil Procedure. *See* Ky. R. Civ. P. 9.02; *Reece v. Blevins*, 2003 WL 1251447 at *3-4 (Ky. App. Feb. 7, 2003).

their allegations with sufficient particularity, and that reading Rule 9(b) in the light of modern notice pleading, the standard for alleging fraud is not as high as Defendants claim.

While the Sixth Circuit "reads this rule liberally," it nevertheless requires that "a plaintiff, *at a minimum* . . . allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)(emphasis added). Plaintiffs correctly point out that courts must consider Rule 9(b) in light of the generally relaxed standards of modern pleading, *see Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988), but it still is the case that Rule 9(b) is the exception to those standards, and that the Sixth Circuit has provided specific guidance on the minimum level of particularity required.

## II. Plaintiffs' Allegations

Assuming *arguendo* that Plaintiffs have sufficiently alleged the fraudulent scheme, the fraudulent intent, and the injury, Plaintiffs' intentional misrepresentation claims must still be dismissed because Plaintiffs make no attempt to state the "time, place, and content of the alleged misrepresentations" in anything but the most general terms. *See Coffey*, 2 F.3d at 162. A review of the amended complaint reveals no specific allegations that meet

3

the Sixth Circuit standard.

Plaintiffs' allegations essentially are that based on what Astellas and Novartis knew in light of unspecified research, they committed fraud by claiming that Protopic and Elidel were safe and not revealing certain risks, which again are largely unspecified. The intentional misrepresentation claims based on the two drugs are near-verbatim copies of one another, and the very fact that the allegations could be cut from the claims against Astellas and pasted in as the claims against Novartis, changing only the names of the companies and the drugs involved, is in itself a bad sign for a party who is required to plead fraud against each company with particularity.

To take the intentional misrepresentation claim against Astellas as an example, Plaintiffs allege that Astellas knew that Protopic created largely unspecified health risks, including (but in no way limited to) the "development of cancers and lymphomas," based on completely unspecified "scientific evidence," "their own research," and even "secret studies." Plaintiffs allege that despite this knowledge, Astellas "misrepresented the safety of Protopic by representing the drug did not impose any undue, inherent or serious health risks to persons who were prescribed the product and/or given samples by a healthcare provider." Am. Compl. at ¶ 58. Plaintiffs go on to add a few particulars, such as that the misrepresentations were made

4

> through its product brochures, product inserts, information, and by oral presentations made by its employees to Weiss' healthcare provider, Dr. Joseph Bark. These misrepresentations . . . included the fact that the drug did not pose any unreasonable or inherent health risks to patients to whom it was prescribed or given samples, that being steroid-free it was completely safe, and safer than topical corticosteroids, there was [sic] no risks of cancer or lymphomas associated with the use and application of Protopic, that Protopic was safe to be used as a first line therapy of treatment when in fact the drug was only intended to be a second line therapy, and finally that Protopic was safe for long term use when in fact it was not.

Am. Compl. at ¶ 59. Plaintiffs restate some of the same allegations in the following paragraph, namely that Astellas "intentionally misrepresented Protopic as 'steroid free' and safer than topical steroids," and that Astellas "intentionally misrepresented information to healthcare providers, including Dr. Joseph Bark, about the lack of serious health and cancer risks resulting from the use and application of Protopic, and about the absence of any serious health risks and consequences of Protopic." *Id.* at ¶ 60. No other fraud-related allegations are made against Astellas anywhere else in the complaint.

While the allegations by their length may give some illusion of particularity, a fair reading of them shows that Plaintiffs have not met their burden of pleading. The misrepresentations claimed by Plaintiffs apparently include all affirmative statements of safety and all times when Defendants failed to disclose the unspecified risks that they had learned of from the unspecified research. As to the "place" of the misrepresentations, Plaintiffs

are alleging that basically everything Defendants did to market the drugs in Kentucky contained a misrepresentation, including in all of their promotional materials; as to the "time," the time is apparently for the entire time the drugs were marketed. The two representations that perhaps are stated with sufficient particularity in terms of content are that the drugs were steroid-free and safe to be used as a first line therapy, although even with those, again, there is no specific indication when, how, or where such claims were made.

As to the allegations that Defendants omitted to disclose certain things, it is not clear what precisely was supposed to be disclosed. An essential element of a fraud claim is that the defendant either knew its representation was false or acted with reckless disregard for the truth of the representation, *see St. Martin*, 935 F. Supp. at 909, but when Plaintiffs make their allegations regarding what Defendants knew based on "scientific evidence" and "their own research," without any further elaboration, it is impossible for Defendants to know what Plaintiffs are alleging that they should have known, and therefore it is impossible for them to know what they are accused of failing to disclose.

*III. Allegations of Fraud in Other Pharmaceutical Cases*

Other courts have rejected similar generalized allegations in pharmaceutical cases under Rule 9(b). *See, e.g.*, *Perry v. Novartis*

6

*Pharm. Corp*, 2006 WL 83450 at *2 (E.D. Pa. Jan. 12, 2006); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 284-86 (S.D.N.Y. 2001). In *Perry*, the plaintiffs alleged in general terms that Novartis had downplayed the risk of cancer from Elidel and claimed that Elidel was safe, but the court noted that if the plaintiffs "really were defrauded, one would expect that they would be able to describe when and how." *See Perry*, 2006 WL 83450 at *2. The plaintiffs in the *Rezulin* case alleged that the drug manufacturer knew or should have known of health risks, that despite that knowledge they "ignored and understated the health risks associated with Rezulin," and that they produced promotional materials and advertisements that contained misrepresentations and omissions "that were intended to create in the minds of the consuming public the false sense and feeling that [Rezulin] was safe." *Id.* at 285. The plaintiffs in that case went further than Plaintiffs here, even specifying the defendant's knowledge of a particular study that showed a 2.2% increase in the risk of liver damage due to the use of Rezulin. *See id.* at 284. Because there were no specific allegations as to the time and place of the misrepresentations, however, the court found that the plaintiffs had failed to meet the requirements of Rule 9(b). *See id.* at 285-86.

Plaintiffs rely principally on two cases, *Michaels Bldg. Co. v. Ameritrust Co.*, 874 F.2d 674 (6th Cir. 1988), and *St. Martin v. KFC Corp.*, 935 F. Supp. 898 (W.D. Ky. 1996), but neither case

supports Plaintiffs' contention that their allegations are sufficient. In *Martin*, the allegations were clearly more specific than the allegations in Plaintiffs' complaint.[5] As to *St. Martin*, while Plaintiffs cite the case for the proposition that a district court recently denied a motion to dismiss when the defendants argued that a complaint failed to meet the "time, place, and content" standard, Plaintiffs neglect to mention that the court in *St. Martin* found the fraud claim deficient and only denied the motion to dismiss because the plaintiffs agreed to re-plead that claim with more particularity. *See id.* at 909.

### CONCLUSION

Rule 8 creates a liberal standard for pleading; Rule 9(b) is the exception to Rule 8. If this complaint states fraud with particularity, it is difficult to imagine a complaint that would not. The Court cannot ascertain from Plaintiffs' complaint the time, place, or content of the fraudulent misrepresentations that form the basis of the intentional misrepresentation counts, and therefore those counts must be dismissed.

---

[5] As recounted by the Sixth Circuit, the complaint in *Michaels* "specifie[d] the parties and participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud." *Michaels*, 848 F.2d at 679. The "only fact" omitted was a matter exclusively known by the defendant, that would be impossible for a plaintiff to know. *See id.* at 680. That is not the case here.

A failure to plead fraud with particularity is a matter that in theory can be cured by amendment of the complaint. Therefore, the intentional misrepresentation counts will be dismissed without prejudice, and if Plaintiffs have knowledge of any specific facts upon which they can state a claim meeting the requirement of Rule 9(b), they are free to amend their complaint *once* more, if done in a timely fashion.

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Astellas Pharma US, Inc.'s motion to dismiss [Record No. 49] be, and the same hereby is, **GRANTED.**

(2) That Novartis Pharmaceutical Corp.'s motion to dismiss [Record No. 47] be, and the same hereby is, **GRANTED.**

(3) That Plaintiffs' claims based on breach of warranty and the Kentucky Consumer Protection Act be, and the same hereby are, **DISMISSED WITH PREJUDICE.**

(4) That Plaintiffs' intentional misrepresentation claims be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE.**

(5) That Defendants' original motions to dismiss [Record Nos. 4 & 11] be, and the same hereby are, **DENIED AS MOOT.**

This the 10th day of May, 2006.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**